# In the United States Court of Federal Claims

No. 17-663C

Filed: January 26, 2018

| | |
|---|---|
| EVIDEO INCORPORATED, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Rule 12(b)(1); Subject-Matter |
| ) | Jurisdiction; Rule 12(b)(6); Failure to |
| v. ) | State a Claim; Res Judicata; Implied-In- |
| ) | Law Contract. |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

*Patrick R. Delaney*, Attorney of Record, Ditthavong & Steiner, P.C., Alexandria, VA, for plaintiffs.

*David A. Foley, Jr.*, Trial Attorney, *Gary L. Hausken*, Director, *Chad A. Readler*, Acting Assistant Attorney General, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

## I.   INTRODUCTION

Plaintiffs, eVideo Incorporated, Mauro DiDomenico, Craig L. Linden, and RealVirt Limited Liability Corporation ("RealVirt"), bring this breach of contract action alleging that the United States Patent and Trademark Office (the "USPTO") has breached certain implied-in-fact contracts with plaintiffs, pursuant to the Tucker Act.  *See generally* Compl.  The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and (b)(6) of the Rules of the United States Court of Federal Claims ("RCFC").  *See generally* Def. Mot.  For the reasons set forth below, the Court **GRANTS-IN-PART** the government's motion to dismiss and **DISMISSES** the complaint.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

Plaintiffs—eVideo Incorporated, Mauro DiDomenico, Craig L. Linden, and RealVirt—are the owners or assignees of certain patent applications that have been filed with the USPTO. Compl. at ¶¶ 2-6.  In the complaint, plaintiffs allege that the USPTO has breached certain implied-in-fact contracts between plaintiffs and the USPTO, by failing to notify plaintiffs of the fact that the USPTO had referred their patent applications to the agency's Sensitive Application Warning System program (the "S.A.W.S. Program").  *Id.* at ¶¶ 9-11.

Specifically, plaintiffs allege that the USPTO flagged their patent applications for additional review under the S.A.W.S. Program after the applications had been submitted to the USPTO for approval.  *Id.* at ¶¶ 38-39, 59, 67, 72.  Plaintiffs further allege they have been financially harmed and have experienced undue delay in the processing of these patent applications, as a result of the USPTO's decision to refer the patent applications to the S.A.W.S. Program.  *Id.*; *see also id.* at ¶¶ 54, 66.

In addition, plaintiffs allege that the USPTO violated 35 U.S.C. § 132(a) and its implementing regulation, 37 C.F.R. § 1.104(a)(2)—which require that the USPTO notify patent applicants of a rejection, objection, or requirement related to a patent application—by failing to notify plaintiffs of the fact that their patent applications had been referred to the S.A.W.S. Program.  Compl. at ¶¶ 18-20, 75-77.  In this regard, plaintiffs allege that, had they been notified of the referral to the S.A.W.S. Program, they may have taken action to reduce or avoid the continual payment of official fees, attorney fees, and other consequential damages that they have incurred because of the alleged delays associated with the S.A.W.S. designations for their patent applications.  *Id.* at ¶¶ 35-36.  And so, plaintiffs seek to recover the official fees that they paid to the USPTO following the referral of their patent applications to the S.A.W.S. Program, as well as certain attorney's fees, consequential damages, interest, and other costs.  *Id.* at ¶ 84; *see also id.* at Prayer for Relief.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiffs' complaint ("Compl.") and the government's motion to dismiss ("Def. Mot.").  Unless otherwise noted, the facts recited herein are undisputed.

### 1.   The eVideo Incorporated And DiDomenico Applications

Plaintiff, eVideo Incorporated, is the current assignee of the ownership rights in U.S. patent application serial nos. 09/840,868 and 13/333,840 which have been filed with the USPTO for examination toward issue as U.S. Patents.  Compl. at ¶ 2.  Plaintiff, Mauro DiDomenico, is named in the alternative to eVideo Incorporated as the owner of these patent applications.  *Id.* at ¶ 3.  The patent applications involve systems and methods for providing video on demand services (the "eVideo Applications").  *Id*. at ¶ 55.

Plaintiffs allege that the eVideo Applications have been referred to the S.A.W.S. Program.  *Id.*  Plaintiffs also allege that, to date, the eVideo Applications have not been allowed to issue as patents.  *Id*. at ¶¶ 54, 58-59.

### 2.   The Linden And RealVirt Applications

Plaintiffs Craig L. Linden and RealVirt are the owners or assignees of several other patent applications that have also been filed with the USPTO.  *See id.* at ¶¶ 5-6.  Specifically, Mr. Linden is the inventor and owner of unassigned U.S. patent application serial nos. 09/856,228, 10/469,800, and 12/172,993 (the "Linden Applications").  *Id.* at ¶¶ 5, 65.  RealVirt is the current assignee and owner of U.S. patent application serial nos. 07/773,161 and 13/368,316 (the "RealVirt Applications").  *Id.* at ¶ 6.

The Linden Applications relate to automated methods that involve the internet and mobile devices.  *Id.* at ¶ 65. The RealVirt Applications relate to computer networking.  *Id.* at ¶ 70.

Plaintiffs allege that the above-mentioned patent applications have been referred to the S.A.W.S. Program.  *Id.* at ¶¶ 67, 72.  To date, the Linden Applications and the RealVirt Applications have not been allowed to issue as patents.  *Id.* at ¶¶ 66, 71.

### 3.   The S.A.W.S. Program

The USPTO's S.A.W.S. Program is a now-defunct program that was intended to increase the quality of issued patents.  Def. Mot. at 3.  Under the S.A.W.S. Program, patent applications that were of special interest to the USPTO were flagged by the agency for an additional internal quality assurance check.  *Id*. at 4.  According to the government, approximately 0.04% of pending patent applications fell within the S.A.W.S. Program each

month, during the time period when the S.A.W.S. Program was operational. *Id.* The USPTO retired the S.A.W.S. Program on March 2, 2015. *Id.*

### 4. Prior Litigation Involving The S.A.W.S. Program

On April 25, 2015, plaintiffs—Mauro DiDomenico, Craig L. Linden and RealVirt—and Douglas Buerger, Paul Barous, and eVideo Owners, brought an action in this Court alleging that, among other things, the USPTO breached certain implied-in-fact contracts with plaintiffs by failing to inform plaintiffs of the fact that their patent applications had been referred to the S.A.W.S. Program. *eVideo Owners v. United States*, 126 Fed. Cl. 95, 98 (2016) ("*eVideo I*"). On March 31, 2016, the Court dismissed the complaint in *eVideo I* for lack of subject-matter jurisdiction, and for failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(1) and (b)(6) (the "March 31, 2016, Decision"). *Id.* at 103-04, 104, n.3.

Specifically, the Court held that: (1) the *eVideo I* plaintiffs failed to establish an implied-in-fact contract with the USPTO; (2) eVideo Owners lacked standing to pursue that action; (3) the Court did not possess subject-matter jurisdiction to consider plaintiffs' illegal exaction claims based upon the payment of official fees to the USPTO; and (4) plaintiffs failed to allege a plausible illegal exaction claim based upon the payment of attorney's fees in connection with the prosecution of their patent applications. *Id.* at 103-06. After the *eVideo I* plaintiffs appealed the Court's March 31, 2016, Decision dismissing the complaint, the United States Court of Appeals for the Federal Circuit affirmed the Court's decision in a per curium opinion. *See eVideo Owners v. United States*, 680 F. App'x 1004 (Fed. Cir. 2017).

### B. Procedural Background

Plaintiffs filed the complaint in this matter on May 22, 2017. *See generally* Compl. On September 19, 2017, the government filed a motion to dismiss this matter, pursuant to RCFC 12(b)(1) and (b)(6). *See generally* Def. Mot.

On October 17, 2017, plaintiffs filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On October 31, 2017, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply.

This matter having been fully briefed, the Court resolves the pending motion to dismiss.

### III.   LEGAL STANDARDS

#### A.  RCFC 12(b)(1) And Jurisdiction

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); RCFC 12(b)(1).  But, plaintiffs bear the burden of establishing subject-matter jurisdiction, and they must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).  Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim". *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute. . . .". *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  The Tucker Act, however, is a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan,* 424 U.S. 392, 398 (1976).  And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States,* 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003).  "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

**B. RCFC 12(b)(6)**

When deciding a motion to dismiss based upon failure to state a claim pursuant to RCFC 12(b)(6), this Court must also assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the non-movant's favor. *Erickson*, 551 U.S. at 94; RCFC 12(b)(6). To survive a motion to dismiss pursuant to RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face". *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And so, when the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Ashcroft*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity" and determine whether it is plausible, based on these facts, to find against the defendant. *Id.* at 679.

**C. Res Judicata And Claim Preclusion**

The Federal Circuit has recognized that "[t]he doctrine of res judicata involves the related concepts of claim preclusion and issue preclusion". *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1267 (Fed. Cir. 2008). Claim preclusion prevents a party from relitigating the same claims that were or could have been raised in a prior action and serves the public interest by reducing the number of lawsuits, conserving judicial resources, and preventing inconsistent decisions. *Goad v. United States*, 46 Fed. Cl. 395, 397 (2000) (citations omitted). Specifically, claim preclusion bars a claim where: "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first". *Cunningham v. United States*, 748 F.3d 1172, 1179 (Fed. Cir. 2014) (quoting *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003)); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citations omitted) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

Dismissals for failure to state a claim upon which relief can be granted are judgments on the merits, and, thus, entitled to res judicata effect. *Goad*, 46 Fed. Cl. at 397 (citations omitted); *see also Federated Dep't Stores, Inc.*, 452 U.S. at 399, n3 ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"). But, "[d]ismissals for lack of jurisdiction do not reach the merits of a claim and therefore are

[typically] without prejudice to a plaintiff filing a new suit in a court with proper jurisdiction to address the merits". *Goad*, 46 Fed. Cl. at 398 (citation omitted); *see also Richmond, Fredericksburg and Potomac RR Co. v. United States*, 27 Fed. Cl. 275, 286 (1992) (citation omitted) ("A dismissal for lack of subject matter jurisdiction, however, typically signifies a dismissal without prejudice."). Dismissals for lack of jurisdiction may be given res judicata effect as to the jurisdictional issue. *Goad*, 46 Fed. Cl. at 398 (citations omitted); *see also Watson v. United States*, 349 F. App' x 542, 544 (Fed. Cir. 2009) (citations omitted) ("A dismissal for lack of jurisdiction triggers the application of the doctrine of res judicata as to the jurisdictional issue.").

### D.  Relevant USPTO Statutes And Regulations

Pursuant to title 35, United States Code, section 132(a), the USPTO must notify a patent applicant "[w]henever, on examination, any claim for a patent is rejected, or any objection or requirement made". 35 U.S.C. § 132(a). Section 132(a) further requires that the USPTO state "the reasons for such rejection, or objection or requirement, together with such information and references as may be useful in judging of the propriety of continuing the prosecution of his application". *Id.* If after receiving such information the patent applicant "persists in his claim for a patent . . . the application shall be reexamined". *Id.*

In addition, the USPTO's regulations define when notice to applicants is required and what information shall be provided to the applicant. 37 C.F.R. § 1.104. The relevant regulation requires that patent applicants "be notified of examiner's action" and that the USPTO issue an Office action, stating the reasons for the adverse action and providing "such information or references . . . as may be useful in aiding the applicant . . . to judge the propriety of continuing the prosecution". *Id.*

## IV.    LEGAL ANALYSIS

The government has moved to dismiss this matter for three reasons. First, the government argues that the Court should dismiss eVideo Incorporated from this litigation, because eVideo Incorporated lacks the capacity to bring this action. Def. Mot. at 4-6. Second, the government argues that dismissal of this matter pursuant to RCFC 12(b)(1) is warranted, because the Court does not possess subject-matter jurisdiction to consider plaintiffs' implied-in-law contract claim. *Id.* at 15-16. Lastly, the government argues that the Court should dismiss

this action pursuant to RCFC 12(b)(6), because: (1) plaintiffs fail to cure the jurisdictional defects in their previous complaint; (2) plaintiffs' claims are barred by the doctrine of res judicata; and (3) plaintiffs fail to plausibly plead a breach of the terms of any contract that could exist between plaintiffs and the USPTO.  *Id*. at 6-15.

For the reasons discussed below, plaintiffs' claims are barred by the doctrine of res judicata and plaintiffs allege an implied-in-law contract claim that the Court does not possess subject-matter jurisdiction to consider under the Tucker Act.  And so, for the reasons discussed below, the Court **GRANTS-IN-PART** the government's motion to dismiss and **DISMISSES** the complaint.

### A.  Plaintiffs' Claims Are Barred By The Doctrine Of Res Judicata

As an initial matter, a careful review of plaintiffs' complaint makes clear that the Court must dismiss this matter for failure to state a claim upon which relief may be granted, because plaintiffs' breach of contract claim is barred by the doctrine of res judicata.  In the complaint, plaintiffs allege that the USPTO has breached implied-in-fact contracts with plaintiffs by failing to notify them of the Sensitive Application Warning System program designation for certain patent applications.  Compl. at ¶ 11.  Specifically, plaintiffs allege that:

> [T]he failure by the PTO to notify them of the SAWS designation on their SAWS patent applications was a clear breach of the implied in fact contracts associated with the underlying applications based, at least in part on the [Manual of Patent Examining Procedure], as part of the 'offer' in the implied contracts.  *In addition, the SAWS designations without notice were clearly violations of 37 C.F.R. § 1.104(a)(2) and 35 U.S.C. § 132(a)*.

*Id.* at ¶ 20 (emphasis supplied).  Plaintiffs further allege that:

> [T]he provisions of any implied in fact contract according to this action can be ascertained for any of the respective SAWS applications by considering, with respect to the time a respective SAWS application was originally filed, the relevant PTO publications such as the then current version of the MPEP, the then current PTO fee schedule in effect *and the applicable statutes and regulations which were in effect at the time the SAWS application was filed which specified the requirements and actions expected of the SAWS applicant and the PTO officials in the initial filing of the SAWS patent applications and in conducting the patent examination process.*

*Id.* at ¶ 85 (emphasis supplied).  And so, the complaint makes clear that plaintiffs are relying upon an alleged violation of a duty arising from the USPTO's statutes and regulations to support their breach of an implied-in-fact contract claim in this case.[2]  *Id.* at ¶¶ 17-20.

The Court has previously addressed plaintiffs' breach of contract claim.  In the Court's March 31, 2016, Decision, the Court dismissed a similar breach of contract claim alleging a violation of these same USPTO statutes and regulations for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted.  *eVideo Owners*, 126 Fed. Cl. at 103-04.  In *eVideo I,* the Court held that, among other things, the *eVideo I* plaintiffs failed to establish an implied-in-fact contract with the USPTO.[3]  *Id.*  Specifically relevant to this dispute, the Court held that "a plain reading of the amended complaint [in *eVideo I*] makes clear that plaintiffs rely upon the USPTO's notice statute and its implementing regulation to establish the existence of their alleged contracts with the government".  *Id.*  Because the Court found that the duty upon which the *eVideo I* plaintiffs relied to support their breach of contract claim arose by operation of law, the Court concluded that this duty could not "create an implied-in-fact contract that would fall within the Court's jurisdiction under the Tucker Act".  *Id.*  And so, the Court dismissed the breach of contract claim in *eVideo I* for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(1) and (b)(6). *Id.* at 103-04.

Plaintiffs' breach of contract claim in this action is precluded because the doctrine of res judicata must attach to the Court's previous dismissal decision in *eVideo I.*  The Federal Circuit has held that "'a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action'".  *Jet, Inc. v. Sewage Aeration Systems*, 223 F.3d 1360, 1362 (Fed. Cir. 2000) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322,

---

[2] Plaintiffs also cite to the USPTO's Manual of Patent Examining Procedure to support their claim. Compl. at ¶ 20.  But, plaintiffs acknowledge that this manual "does not have the force of law".  *Id.* at ¶ 17.  And so, the complaint makes clear that plaintiffs continue to rely upon the USPTO's notice statute and its implementing regulations to create the contractual duty allegedly breached in this case.

[3] The Court also held that: (1) eVideo Owners lacked standing to pursue that action; (2) the Court must dismiss plaintiffs' illegal exaction claims based upon the payment of official fees to the USPTO for lack of subject-matter jurisdiction; and (3) that plaintiffs failed to allege a plausible illegal exaction claim based upon the payment of attorney's fees in connection with the prosecution of their patent applications. *eVideo Owners*, 126 Fed. Cl. at 103-06.

326, n.5 (1979)).  To that end, the Federal Circuit has also recognized that a second suit will be barred if: "(1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first". *Id.* at 1363 (citations omitted).  All three of these requirements have been met with respect to plaintiffs' breach of contract claim here.

First, as the government correctly argues in its motion to dismiss, there is identity of the parties or their privies in *eVideo I* and in this case.  Three of the plaintiffs in this action—Mauro DiDomenico, Craig L. Linden, and RealVirt—are identical to the named plaintiffs in *eVideo I. Compare eVideo I* Am. Compl. at ¶¶ 18, 20-21, *with* Compl. at ¶¶ 3-6.  In addition, plaintiffs acknowledge that eVideo Incorporated was dissolved in 2009 and that the successor-in-interest to eVideo Incorporated—eVideo Owners—was a named plaintiff in *eVideo I. See* Compl. at 1, n.1; *id.* at ¶ 2; Pl. Resp. at 7-8; *see also eVideo I* Am. Compl. at ¶ 17 ("Plaintiffs eVideo Owners are the successors to eVideo Incorporated, a dissolved Delaware corporation.").

Second, there can be no genuine dispute that the breach of contract claim brought by the plaintiffs here is based upon the same set of transactional facts as the breach of contract claim asserted in *eVideo I.*  As discussed above, plaintiffs allege in this case that they have been harmed because the USPTO did not notify them of the S.A.W.S. Program designations for certain patent applications.  Compl. at ¶¶ 10-11, 35-36, 39, 78, 84, Prayer for Relief.  The *eVideo I* plaintiffs made similar allegations of harm as a result of the USPTO designating these same patent applications for the S.A.W.S. Program.  *eVideo I* Am. Compl. at ¶¶ 1-3, 5-6, 69-74.

There can also be no genuine dispute that there has been a final judgment on the merits of plaintiffs' breach of contract claim, because the Court previously dismissed the breach of contract claim in *eVideo I* for failure to state a claim upon which relief may be granted.  *eVideo Owners*, 126 Fed. Cl. at 104, n.3.  In the March 31, 2016, Decision, the Court dismissed the breach of contract claim in that case for, among other things, failure to state a claim upon which relief may be granted, because the alleged contractual duty upon which the *eVideo I* plaintiffs relied to support their claim arose from the USPTO's notice statute and regulations.  *Id.* at 103-04.  The Supreme Court has long recognized that a dismissal for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6) is a dismissal on the merits.  *Federated Dep't Stores, Inc.*, 452 U.S. at 399, n.3; *see also* RCFC 41(b); Def. Reply at 3.  And so, there can

be no genuine dispute that the Court has previously reached the merits of plaintiffs' breach of contract claim in this action.

The Court is also unpersuaded by plaintiffs' argument that the Court's decision to dismiss the breach of contract claim in *eVideo I* was not a decision on the merits. Pl. Resp. at 13-14. In this regard, plaintiffs argue that "[t]he court recognized through its RCFC 12(b)(1) dismissal that it was not empowered to accept jurisdiction to make a final determination on the merits in the complaint". *Id.* at 14. And so, plaintiffs contend that their breach of contract claim here is not barred by the doctrine of res judicata, because the previous dismissal of the breach of contract claim in *eVideo I* for lack of subject-matter jurisdiction prevented the Court from reaching the merits of that claim. *Id.* at 13-16.

But, as discussed above, the Court dismissed the breach of contract claim in *eVideo I*, for failure to state a plausible implied-in-fact contract claim upon which relief may be granted, pursuant to RCFC 12(b)(6), as well as for lack of subject-matter jurisdiction. *See* Def. Reply at 3-5; *eVideo Owners*, 126 Fed. Cl. at 104, n.3. And so, plaintiffs' argument is misplaced.

Furthermore, application of the doctrine of res judicata to plaintiffs' breach of contract claim is also appropriate because the Court dismissed the breach of contract claim in *eVideo I* for lack of subject-matter jurisdiction. In the Court's March 31, 2016, Decision, the Court dismissed the breach of contract claim in *eVideo I* for lack of subject-matter jurisdiction, because the plaintiffs in that case asserted an implied-in-law contract claim that the Court could not entertain under the Tucker Act. *See eVideo Owners*, 126 Fed. Cl. at 103-04. The Court's previous dismissal for lack of subject-matter jurisdiction triggers application of the doctrine of res judicata, unless plaintiffs can show that they allege additional facts in the present complaint to cure the jurisdictional defects in their prior complaint. *Watson*, 349 F. App'x at 544-45; *Goad*, 46 Fed. Cl. at 398.

Plaintiffs have not done so here. A plain reading of the complaint makes clear that plaintiffs continue to rely upon the same USPTO statute and regulations that they relied upon in *eVideo I* to create the alleged contractual duty to provide notice of a S.A.W.S. Program designation. Pl. Resp. at 13; *see* Compl. at ¶ 85 (alleging that "the provisions of any implied in fact contract according to this action can be ascertained . . . by considering . . . the applicable statutes and regulations . . . ."). Given this, plaintiffs' breach of contract claim in this matter is

barred by the preclusive effects of this Court's decision to dismiss their breach of contract claim in *eVideo I* for lack of subject-matter jurisdiction.  RCFC 12(b)(6).

**B.  The Court May Not Consider Plaintiffs' Implied-In-Law Contract Claim**

A careful review of the complaint in this matter also shows that the Court must dismiss this matter for lack of subject-matter jurisdiction, because the complaint alleges an implied-in-law contract claim that falls outside of the Court's limited jurisdiction under the Tucker Act.  In Count I of the complaint, plaintiffs purport to allege a breach of an implied-in-fact contract. Compl. at ¶¶ 82-86.  But, again, plaintiffs state in the complaint that:

> The provisions of any implied in fact contract according to this action can be ascertained for any of the respective SAWS applications by considering, [among other things] . . . *the applicable statutes and regulations which were in effect at the time the SAWS application was filed which specified the requirements and actions expected of the SAWS applicant* . . . .

*Id*. at ¶ 85 (emphasis supplied).  Because plaintiffs allege a contract that is based upon duties that arise under the USPTO's notice statute and regulations, they allege an implied-in-law contract claim.  The Court does not possess subject-matter jurisdiction to adjudicate such a claim.  *eVideo Owners*, 126 Fed. Cl. at 103-04.  And so, the Court must also dismiss this matter for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1).[4]

**V.    CONCLUSION**

In sum, when read in the light most favorable to plaintiffs, the complaint makes clear that the Court must dismiss this matter for failure to state a claim upon which relief may be granted, because plaintiffs' breach of contract claim is barred by the doctrine of res judicata.  A careful review of the complaint also shows that the Court must also dismiss this matter for lack of subject-matter jurisdiction, because the complaint alleges an implied-in-law contract claim that falls outside of the Court's limited jurisdiction under the Tucker Act.

---

[4] In Count II of the complaint, plaintiffs also allege that "[t]he SAWS program unconstitutionally burdened and penalized the Plaintiffs and the Class by denying them their fundamental rights and protected interests, in violation of the Fifth Amendment's guarantee of substantive due process".  Compl. at ¶ 92.  But, plaintiffs also state that this claim is "[a]ncillary to Count I" and that they "do not rely on Count II as a separate basis for this Court to accept jurisdiction to hear the Plaintiffs' claims in this matter".  *Id*. at ¶ 87.

Because the Court has determined that plaintiffs' breach of contract claim is barred by the doctrine of res judicata, and th88at plaintiffs allege an implied-in-law contract that falls outside of the Court's limited jurisdiction under the Tucker Act, the Court does not reach the remaining issues raised in the government's motion to dismiss.

And so, for the foregoing reasons, the Court **GRANTS-IN-PART** the government's motion to dismiss and **DISMISSES** the complaint.

The Clerk is directed to enter judgment accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge